UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Luke Guggino,<br><br>                              Plaintiff,<br><br>            -v-<br><br>Medical Department - Yaphank Correctional Facility, Suffolk County Sheriff Dept.,<br><br>                              Defendants. | 2:25-cv-597<br>(NJC) (SIL) |

## MEMORANDUM AND ORDER

NUSRAT J. CHOUDHURY, United States District Judge:

Before the Court is a motion to proceed in forma pauperis ("IFP") filed by pro se plaintiff Luke Guggino ("Guggino") in relation to his Complaint filed while incarcerated at the Suffolk County Correctional Facility (the "Jail") and complaining about the conditions of his confinement while detained at the Jail. (IFP Mot., ECF No. 2; Compl., ECF No. 1.) For the reasons that follow, the Court grants the IFP motion and dismisses the Complaint without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i)–(ii), 1915A(b)(1) and with leave to file an amended complaint as set forth below.

## BACKGROUND

On February 3, 2025, Guggino filed a Complaint against the Medical Department at the Yaphank Correctional Facility and the Suffolk County Sheriff Department (together, "Defendants") using the Court's civil rights complaint form for actions brought pursuant to 42 U.S.C. § 1983 ("Section 1983"). (Compl.) Guggino also filed an IFP motion but did not file the required Prisoner Litigation Authorization form ("PLA"). (*See* IFP Mot.) Accordingly, by Notice of Deficiency dated February 4, 2025, the Court instructed Guggino to complete and return the

enclosed PLA within fourteen days, and, on February 18, 2025, Guggino did so. (*See* PLA, ECF No. 5.)

## I. The Complaint[1]

The Complaint alleges that, since his August 16, 2024 arrest and while detained at the Jail, Guggino has been forced to shower in "uncleaned" facilities containing "mold, fungus, and other bacteria," which resulted in Guggino contracting an infection on both feet, skin rashes, and bumps on his back. (Compl. ¶ II.) The Complaint alleges that the water at the Jail is "sometimes brown." (*Id.*) Guggino allegedly did not have shower shoes because he lacked commissary funds and was therefore in direct contact with the fungus, mold, and bacteria in the showers. (*Id.*) Because of this exposure, "the fungus spreaded" and Guggino's "right and left pinky toenails came off and never grew back." (*Id.*) Guggino was provided with an unspecified medication that "doesn't work," and Guggino's right big toenail has since "turned brown" due to infection. (*Id.*) The Complaint alleges that Guggino is "forever in pain when [he] walk[s]" and has "no feeling" in his right foot. (*Id.* ¶¶ II-II.A.) Further, Guggino's "back hurts when [he] lay[s] down." (*Id.* ¶ II.A.)

As a result, Guggino seeks to recover a damages award in the sum of $600,000 for pain and suffering, mental anguish, and punitive damages. (*Id.* ¶ III.) Guggino also requests that: (1) he receive "medical attention" and treatment for his ailments; (2) the bathroom and showers at the Jail be cleaned with bleach; and (3) shower shoes be provided to inmates upon entering the facility. (*Id.* ¶ III.)

---

[1] Excerpts from the Complaint have been reproduced here exactly as they appear in the original. Errors in spelling, punctuation, and grammar have not been corrected or noted.

2

# LEGAL STANDARDS

## I. In Forma Pauperis

Upon review of Guggino's IFP Motion (IFP Mot.), the Court finds that Guggino is qualified by his financial status to commence this action without the prepayment of the filing fee. Therefore, the IFP Motion (ECF No. 2) is granted.

## II. Sufficiency of the Pleadings

When an incarcerated pro se plaintiff is proceeding IFP, the Court is required to "review . . . as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity . . . ." 28 U.S.C. § 1915A(a).[2] At the pleading stage, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the Complaint. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 124 (2d Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678–80 (2009)), *aff'd*, 569 U.S. 108 (2013).

This Court is required to construe pleadings "filed by *pro se* litigants liberally and interpret them to raise the strongest arguments that they suggest." *Hunter v. McMahon*, 75 F.4th 62, 67 (2d Cir. 2023) (quotation marks and citation omitted). "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Ceara v. Deacon*, 916 F.3d 208, 213 (2d Cir. 2019) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)) (quotation marks omitted).

---

[2] The term "prisoner" is defined in this statute to include "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915A(c).

Nevertheless, a complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citation omitted). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.*; *accord We the Patriots USA, Inc. v. Connecticut Off. of Early Childhood Dev.*, 76 F.4th 130, 144 (2d Cir. 2023). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements . . . are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 678–79 (citation omitted). While "detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 557). The factual allegations of a complaint must be sufficient to give the defendant "fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (quotation marks omitted).

If a liberal reading of the complaint "gives any indication that a valid claim might be stated," the court must grant leave to amend the complaint. *Mandala v. NTT Data, Inc.*, 88 F.4th 353, 365 (2d Cir. 2023) (quoting *Branum v. Clark*, 927 F.2d 698, 705 (2d Cir. 1991)). If, however, amendment of the complaint would not cure the substantive defects of the claim, leave to amend should be denied. *See Yamashita v. Scholastic, Inc.*, 936 F.3d 98, 107 (2d Cir. 2019).

## DISCUSSION

### I. Section 1983 Claims

Section 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to

4

> be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. "Section 1983 itself creates no substantive rights; it provides only a procedure for redress for the deprivation of rights established elsewhere." *Sykes v. James*, 13 F.3d 515, 519 (2d Cir. 1993) (citing *Cty. of Oklahoma Cty. v. Tuttle*, 471 U.S. 808 (1985)); *accord Jean-Baptiste v. United States Dep't of Just.*, No. 23-441, 2024 WL 1193062, at *1 (2d Cir. Mar. 20, 2024) (noting that Section 1983 does not provide an independent source of substantive rights). To maintain a Section 1983 action, a plaintiff must show that the defendant (1) acted under color of state law (2) to deprive the plaintiff of a right arising under the Constitution or federal law. *See Sykes*, 13 F.3d at 519. Here, the Complaint does not allege a plausible Section 1983 claim because it does not plausibly allege a deprivation of a right afforded by the U.S. Constitution. (*See* Compl.) Even if it did, the Complaint does not name a proper defendant, and, even upon a liberal construction of the claims as against Suffolk County, the Complaint does not plausibly allege a claim for municipal liability. (*See id.*)

### A. **Absence of a Constitutional Deprivation**

As explained below, the Complaint's allegations that Guggino contracted an infection in his toenails from "mold, fungus, and other bacteria" in the Jail's showers and experienced "skin rashes and bumps on [his] back" from showering in brown water at the Jail do not state a

5

constitutional violation that is actionable under either the Eighth Amendment or the Fourteenth Amendment.[3]

Liberally construed, the Complaint's allegations suggest that Guggino challenges both the conditions of his confinement and the sufficiency of the medical care he received. (*See* Compl. ¶ II-II.A.) A conditions of confinement claim and a denial of adequate medical care claim each require the plaintiff to satisfy both an objective prong and a subjective prong. *Darnell,* 849 F.3d at 29.

For a conditions of confinement claim, the objective prong is the same under both the Eighth and Fourteenth Amendments and requires a showing that the challenged conditions were sufficiently serious such "that the conditions, either alone or in combination, pose an unreasonable risk of serious damage to [the plaintiff's] health." *Id*. at 30. "There is no static test to determine whether a deprivation is sufficiently serious; instead, 'the conditions themselves must be evaluated in light of contemporary standards of decency.'" *Id.* (quoting *Blissett v. Coughlin*, 66 F.3d 531, 537 (2d Cir. 1995). For a denial of adequate medical care claim, the objective prong is also the same under both the Eighth and Fourteenth Amendments. *Horace v.*

---

[3] The Complaint does not expressly allege whether Guggino experienced the alleged constitutional violations in pretrial detention or following a criminal conviction, although the Complaint's allegation that the relevant incidents began "[u]pon [Guggino's] arrest on August 16, 2024" suggests that at least some of the alleged violations occurred while Guggino was in pre-trial detention. Regardless, all "'[p]risoners and detainees have constitutionally protected rights to receive humane conditions of confinement, including adequate food, clothing, shelter, medical care, and security.'" *Arroyo v. Nassau Cnty. Corr.*, No. 22-cv-5611, 2022 WL 16636774, at *3 (E.D.N.Y. Nov. 2, 2022); *see also Farmer v. Brennan*, 511 U.S. 825, 832 (1994). To the extent the Complaint brings claims arising from incidents occurring during Guggino's pre-trial detention, he is entitled to due process under the Fourteenth Amendment; to the extent the Complaint brings claims arising from incidents occurring while Guggino served a post-conviction sentence, Guggino is protected by the Eighth Amendment's prohibition on cruel and unusual punishment. *See Darnell v. Pineiro*, 849 F.3d 17, 29 (2d Cir. 2017).

*Gibbs*, 802 F. App'x 11, 13–14 (2d Cir. 2020) (summary order citing *Darnell,* 849 F.3d at 32). It requires that:

> the alleged deprivation in medical care be sufficiently serious . . . . A deprivation in medical care is sufficiently serious if (1) the prisoner was actually deprived of adequate medical care and (2) the inadequacy in medical care is sufficiently serious . . . The latter inquiry contemplates a condition of urgency such as one that may produce death, degeneration, or extreme pain.

*Culbreth v. Manuel*, No. 24-cv-00497, 2025 WL 35059, at *6 (S.D.N.Y. Jan. 6, 2025) (citations and quotation marks omitted); *see also Harrison v. Barkley*, 219 F.3d 132, 136–37 (2d Cir. 2000) (holding that the medical need must be a "sufficiently serious" condition that "could result in further significant injury or the unnecessary and wanton infliction of pain").

As for the subjective prong, the analysis differs under the Eighth and Fourteenth Amendments. For conditions of confinement claims and for denial of adequate medical care claims, the Eighth Amendment requires a showing "that a prison official had the requisite 'culpable intent,' which is present if the official 'has knowledge that an inmate faces a substantial risk of serious harm and he disregards that risk by failing to take reasonable measures to abate the harm.' . . . As such, 'mere negligence will not suffice.'" *Smith v. New York State*, No. 23-6601-CV, 2024 WL 4746554, at *2 (2d Cir. Nov. 12, 2024) (quoting *Hayes v. N.Y.C. Dep't of Corr.*, 84 F.3d 614, 620 (2d Cir. 1996)). Under the Fourteenth Amendment, the subjective prong requires the plaintiff to "show[] that the officer acted with at least deliberate indifference to the challenged conditions." *Darnell*, 849 F.3d at 29. In other words, "a detainee asserting a 'claim for deliberate indifference to his medical needs can allege either that the defendants *knew* that failing to provide the complained of medical treatment would pose a substantial risk to his health or that the *defendants should have known* that failing to provide the

7

omitted medical treatment would pose a substantial risk to the detainee's health.'" *Culbreth*, 2025 WL 35059, at *6 (quoting *Darby v. Greenman*, 14 F.4th 124, 128 (2d Cir. 2021)) (quotation marks and citations omitted) (emphasis in original).

At this stage, the Court takes as true the Complaint's allegation that a fungus or bacteria in the Jail's showers caused Guggino to contract an infection, which has not abated, and that the brown water caused him to suffer skin irritations. Nevertheless, analyzing Guggino's claims under both the Eighth Amendment and the Fourteenth Amendment, the Court finds that the Complaint does not state a conditions of confinement claim or a denial of adequate medical care claim.

As an initial matter, the Complaint satisfies the objective prong with respect to all of Guggino's four claims. Under the Eighth Amendment standard, the Complaint plausibly alleges that the conditions posed an unreasonable risk of serious damage to Guggino's health. *See* Compl. ¶ 2; *see also Christian v. Saunders*, No. 17-cv-2587, 2018 WL 3300695, at *8 (S.D.N.Y. Feb. 28, 2018) (plaintiff stated claim where foot fungus "could've been prevented from spreading with proper hygiene care"), *report and recommendation adopted at* 2018 WL 1441401. Under the Fourteenth Amendment standard, the Complaint's allegations (taken as true at this stage) that Guggino's constant rashes and unabated foot infection—which has caused him to lose two toenails, have a third toenail turn brown, and experience "constant physical pain when [he] walk[s]"—are sufficient to establish "a condition of urgency such as one that may produce . . . degeneration, or extreme pain." *See* Compl. ¶ 2; *see also Culbreth*, 2025 WL 35059, at *6.

8

The Complaint does not, however, satisfy the subjective prong with respect to any claims. These claims fail under the Eighth Amendment standard because the Complaint does not allege facts plausibly alleging that officers at the Jail acted with more than "mere negligence" by disregarding a known risk of serious harm to Guggino. *See Smith*, 2024 WL 4746554, at *2. The claims also fail under the Fourteenth Amendment standard because the Complaint does not allege facts plausibly alleging that the officers acted with deliberate indifference to Guggino's serious medical needs. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976) ("[D]eliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain.'"). By contrast, the Complaint alleges that Jail's medical center has been providing Guggino medication, although this treatment has not cured the infection. (Compl. ¶ 2.)

In summary:

(1) The Complaint does not state a claim for inadequate conditions of confinement under the Eighth Amendment. The Complaint plausibly alleges facts satisfying the objective prong—that the "mold," "fungus," and "bacteria" infested showers caused a foot infection posing an unreasonable risk to Guggino's health. It does not, however, plausibly allege facts satisfying the subjective prong, which requires that the Jail officials knew or should have known that failing to take action to treat the alleged medical issue would cause a substantial risk to Guggino's health.

(2) The Complaint does not state a claim for inadequate conditions of confinement under the Fourteenth Amendment. The Complaint plausibly alleges facts satisfying the objective prong—that the "mold," "fungus," and "bacteria" infested showers caused a foot infection posing an unreasonable risk to Guggino's health. With respect to the subjective prong, it does not plausibly allege that any Jail officials had knowledge that Guggino had a substantial risk of serious harm and disregarded that risk by failing to take reasonable measures to abate the harm.

(3) The Complaint does not state a claim for denial of adequate medical care under the Eighth Amendment. The Complaint's allegations (taken as true at this stage) that his constant rashes and unabated foot infection—which has caused him to lose two toenails, have a third toenail turn brown, and experience "constant physical pain when [he] walk[s]"—are sufficient to establish "a condition of urgency such as one that may produce . . . extreme pain." Nevertheless, the Complaint does not satisfy the subjective

prong because it does not plausibly allege that the Jail officials knew or should have known that failing to take action to treat the alleged medical issue would cause a substantial risk to Guggino's health.

(4) The Complaint does not state a claim for denial of adequate medical care under the Fourteenth Amendment. As noted, the objective prong is satisfied because the Complaint plausibly alleges that Guggino has suffered from abated conditions that establish "a condition of urgency." However, the subjective prong is not satisfied because the Complaint does not plausibly allege that any Jail officers acted with deliberate indifference to Guggino's serious medical needs.

Accordingly, the Complaint's Section 1983 claim is dismissed without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i)–(ii), 1915A(b)(1).

### B. Lack of Legal Capacity to Be Sued

The Section 1983 claims necessarily fail for the additional reason that the Complaint does not name a proper defendant. Guggino cannot sue the Jail's Medical Department or the Suffolk County Sheriff's Department because these entities are administrative arms of a municipality—Suffolk County—and do not have independent legal identities. *See Harris v. Med. Unit, Yamphank*, No. 2:23-cv-6839, 2024 WL 1934448, at *3 (E.D.N.Y. May 2, 2024); *Sturgis v. Suffolk County Jail*, No. 12-cv-5263, 2013 WL 245052, at *2–4 (E.D.N.Y. Jan. 22, 2013) (*sua sponte* dismissing Section 1983 claims against the Suffolk County Jail, among others, because it is an "administrative arm[ ] of the County of Suffolk" and "lack[s] the capacity to be sued"). Further, neither of the Defendants are "persons" within the meaning of Section 1983. *See*, *e.g.*, *Harris*, 2024 WL 193448 at *3; *Murphy v. Rodriguez*, No. 23-cv-6998, 2023 WL 5586051, at *1 (S.D.N.Y. Aug. 29, 2023) (dismissing Section 1983 claims against "Orange County Jail Medical Dept. Wellpath" because it is not a "person" for purposes of Section 1983 and is therefore not a proper defendant in a Section 1983 action).

### C. <u>Municipal Liability</u>

In light Guggino's pro se status and in an abundance of caution, the Court has also considered whether the allegations of the Complaint, liberally construed, plausibly allege a Section 1983 claim against the municipality, Suffolk County. For the reasons set forth below, they do not.

In order to prevail on a Section 1983 claim against a municipal entity, a plaintiff must show: "(1) actions taken under color of law; (2) deprivation of a constitutional or statutory right; (3) causation; (4) damages; and (5) that an official policy of the municipality caused the constitutional injury." *Roe v. City of Waterbury*, 542 F.3d 31, 36 (2d Cir. 2008) (citing *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690-91 (1978)). Thus, "a municipality can be held liable under Section 1983 if the deprivation of the plaintiff's rights under federal law is caused by a governmental custom, policy, or usage of the municipality." *Jones v. Town of E. Haven*, 691 F.3d 72, 80 (2d Cir. 2012). "The Supreme Court has made clear that 'a municipality cannot be made liable' under § 1983 for acts of its employees 'by application of the doctrine of respondeat superior.'" *Roe*, 542 F.3d at 36 (citing *Pembaur v. City of Cincinnati*, 475 U.S. 469, 478 (1986)). "Rather, a plaintiff must identify either an 'express rule or regulation,' a practice that 'was so persistent or widespread as to [carry] the force of law,' or misconduct of 'subordinate employees' that 'was so manifest as to imply the constructive acquiescence of senior policy-making officials.'" *Swinton v. Livingston Cnty.*, No. 21-1434, 2023 WL 2317838, at *1 (2d Cir. Mar. 2, 2023) (quoting *Littlejohn v. City of New York*, 795 F.3d 297, 315 (2d Cir. 2015)).

Here, the Complaint does not allege any facts from which this Court could reasonably construe that the challenged conditions in the Suffolk County Correctional Facility were the

11

product of any custom, policy, or practice of Suffolk County. Thus, the Section 1983 claims against Suffolk County are implausible and are dismissed without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i)–(ii), 1915A(b)(1).

Accordingly, the Section 1983 claims against the Defendants are not plausible and are thus dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i)–(ii), 1915A(b)(1).

## II. State Law Claims

Under 28 U.S.C. § 1367(a), "the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." However, courts "may decline to exercise supplemental jurisdiction over a claim" if "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Where "all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988).

Here, because the Complaint contains no plausible federal claim, the interests of judicial economy, convenience, fairness, and comity weigh against exercising supplemental jurisdiction over any state law claims in the Complaint. Accordingly, the Court declines to exercise supplemental jurisdiction over any potential state law claims in Guggino's Complaint.

## III. Leave to Amend

A pro se plaintiff should ordinarily be given the opportunity "to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated."

12

*Shomo v. Cty. of New York*, 579 F.3d 176, 183 (2d Cir. 2009) (quotation marks and citation omitted). In an abundance of caution, Guggino is granted leave to file an amended complaint to afford him an opportunity to allege a plausible claim. If Guggino chooses to amend his complaint, he shall: (1) do so within thirty (30) days from the date of this Memorandum and Order; (2) clearly labeled it "Amended Complaint"; (3) and include the same docket number as this Order, No. 25-cv-00597. Guggino must include those individuals who were allegedly involved in the deprivation of his federal rights as defendant(s) in the caption and in the statement of claim. If Guggino does not know the name of a defendant, he may refer to that individual as "John Doe" or "Jane Doe" in both the caption and the body of the amended complaint. Further, Guggino is reminded to review the Court's guidance set forth above concerning the requirements to allege facts supporting plausible deliberate indifference claims and *Monell* claims against Suffolk County. (*See supra* at I.A., I.C.) Guggino is cautioned that the amended complaint will completely replace, not supplement, the original complaint, so any facts or claims that Guggino wants to include from the original complaint must be repeated in the amended complaint. If Guggino does not timely file an amended complaint, judgment shall enter without further notice and this case will be closed. Alternatively, Guggino may pursue any valid claims he may have including negligence or medical malpractice against the Defendants in state court.

## CONCLUSION

For the reasons stated above, this Court grants Guggino's IFP motion (ECF No. 2), and dismisses the Complaint (ECF No. 1) without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i)–(ii), 1915A(b)(1) and with leave to file an amended complaint. The Clerk of

the Court shall mail a copy of this Order to Guggino at his address of record in an envelope marked "Legal Mail" and shall record such mailing on the docket.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore IFP status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

Dated: Central Islip, New York
April 25, 2025

                                                    */s/ Nusrat J. Choudhury*
                                                  NUSRAT J. CHOUDHURY
                                                  United States District Judge